**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CR-12 (LAG) |
| | : | |
| JASON PATTERSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is the Government's Motion to Restrict Access to Brief and Exhibit to Case Participants. (Doc. 77). Therein, the Government represents that it obtained "Bureau of Prisons copies of [Defendant] Patterson's medical records and intends to attach relevant portions of those records as Exhibit 1 to its brief in opposition to [Defendant]'s motion [for compassionate release (Doc. 74)]." (Doc. 77 ¶ 2). Due to the sensitive nature and privacy concerns of including medical records in its brief and exhibit, the Government requests that the Court restrict access of the brief and exhibit to case participants only. (*Id.* ¶ 3).

"In both civil and criminal cases courts recognize a common-law public right of access to judicial proceedings and records." *Butler v. United States*, No. 6:02-CR-17 (HL), 2014 WL 468883, at *3 (M.D. Ga. Feb. 5, 2014) (citation omitted). "A party may overcome that presumption if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (quoting *Press-Enter. v. Superior Ct. of Ca.*, 464 U.S. 501, 540 (1984) (other citation omitted)). The Court finds that there is an overriding privacy interest in restricting access to Defendant's medical records and the Government's request is narrowly tailored to serve that interest. Accordingly, the Government's Motion (Doc. 77) is **GRANTED**.

**SO ORDERED**, this 24th day of September, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**